UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL FELICIANO, | | |
| | Plaintiff, | 24-CV-7636 (LTS) |
| -against- | | ORDER OF DISMISSAL |
| ANDRES AGUIRRE, | | WITH LEAVE TO REPLEAD |
| | Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Housing Act and Title

II of the Americans with Disabilities Act, alleging that a Section 8 representative refused to

accept his request for a reasonable accommodation in his housing. By order dated October 17,

2013, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth below, the Court dismisses the complaint for failure

to state a claim but grants Plaintiff 30 days to file an amended complaint. The Court also refers

Plaintiff to the City Bar Justice Center's Pro Se Law Clinic.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

The following facts are drawn from the complaint.[1] On May 23, 2024, Plaintiff "visited

the department of housing preservation and development at 100 gold street . . . [t]o submit a

reasonable accommodation request form for a emergency move due to his medical and mental

health issues worsening." (ECF 1, at 5.) Plaintiff explained to Defendant, Andres Aguirre, an

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

employee at the office, "that [Plaintiff's] landlord was not following any of the lease agreements

and felt the urgent need to move for his safety and bad living conditions in his apartment." (*Id.*)

Plaintiff further explained to Aguirre "that his physical and mental health conditions w[]ere

worsening because of it." (*Id.*) Plaintiff "then handed the defendant his completed reasonable

accommodation form to the defendant." (*Id.*) Aguirre reviewed the form "for less than 30

seconds and handed it back to [Plaintiff] then gave [Plaintiff] a non emergency regular move

request for [Plaintiff] to fill out along with a letter of acknowledgement of [Plaintiff's]

participation in the section 8 program." (*Id.* at 6.) Plaintiff asked Aguirre "why he was not

processing his reasonable accommodation request . . . [and] [t]he defendant told [Plaintiff] to just

use the one he gave him and ignored [his] request [t]o honor the reasonable accommodation

request." (*Id.*)

For relief, Plaintiff seeks $76,000 in compensatory damages, punitive damages, and an

order directing "defendant to process petitioners reasonable accommodation request." (*Id.*)

Plaintiff attaches to the complaint his signed reasonable accommodation request, which

states, "Only complete requests that explain the connection between the disability and the

requested accommodation will be approved." (*Id.* at 8.) Plaintiff provides nothing demonstrating

that he explained the connection between his disability and the requested accommodation.

## DISCUSSION

Plaintiff alleges that Aguirre violated the Fair Housing Act ("FHA") and Title II of the

Americans with Disabilities Act ("ADA") when he did not accept Plaintiff's reasonable

accommodation request and instead instructed Plaintiff to complete a move form. As discussed

below, the Court finds that Plaintiff does not state a claim under either statute and dismisses

Plaintiff's FHA and ADA claims for failure to state a claim on which relief may be granted. In

light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to file an amended complaint.

**A.    Fair Housing Act**

Under the FHA, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of that person." 42 U.S.C. § 3604(f)(1)(A) and (2)(A). Prohibited discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B); *see also* 24 C.F.R. 100.204(a). "[O]rdinarily, the duty to accommodate is shaped by the handicap," because "it is the handicap that is accommodated." *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301 (2d Cir. 1998).

Here, Plaintiff has not alleged facts in the complaint that are sufficient to show that he has a covered disability. Rather, he states only that his issues with his landlord exacerbated his medical and mental health issues. Moreover, he does not describe the accommodation he sought and the connection between his disability and the requested accommodation. The complaint therefore does not suggest that Aguirre refused to ensure that Plaintiff would be afforded necessary accommodation for a disability. Accordingly, the Court dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint to allege facts in support of any FHA claim he may still wish to pursue.

**B.      Americans with Disabilities Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or denied the benefits of the services,

programs, or activities of a public entity, or be subject to discrimination by such entity." 42

U.S.C. § 12132. To assert a claim under the ADA, a plaintiff must demonstrate that:

> (1) he is a qualified individual with a disability; (2) the defendant is subject to one
> of the Acts; and (3) he was denied the opportunity to participate in or benefit from
> the defendant's services, programs, or activities, or was otherwise discriminated
> against by the defendant because of his disability.

*McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of*

*Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004)). The Court concludes that Plaintiff does not state

a claim under the ADA. First, he does not allege fact suggesting that he is a qualified individual

with a disability. Second, he does not state that he was denied the opportunity to participate in

Section 8 housing. For example, it is unclear whether Aguirre did not accept the reasonable

accommodation form because it was incomplete or if he rejected the form after Plaintiff

informed Aguirre of his disability and the specific reasonable accommodation he sought.

Because Plaintiff does not provide this information, or indicate what occurred after Aguirre

informed Plaintiff that he should complete the move form, the Court is unable to conclude that

Aguirre denied Plaintiff the opportunity to participate in Section 8 housing. The Court therefore

dismisses Plaintiff's ADA claim for failure to state a claim on which relief may be granted. *See*

28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff may be able to state more facts in support of this

claim, the Court grants him 30 days' leave to file an amended complaint.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

5

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA and/or ADA claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. If Plaintiff files an amended complaint, he should describe his disability, the reasonable accommodation he sought, and whether he provided this information to Aguirre with his reasonable accommodation request.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### REFERRAL TO CITY BAR JUSTICE CENTER PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with his case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Court's Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form online. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are

available Monday through Thursday, 10am to 4pm. Appointments are also available remotely

Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

A flyer from the City Bar Justice Center is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

    Dated:    January 13, 2025
              New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)